UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT M. LANDGDON,

    Petitioner,

v.                                                  CASE NO. 6:04-cv-1435-Orl-31JGG

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

    Respondents.

## **ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254. Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus (Doc. No. 10). Petitioner then filed a reply (Doc. No. 18). Petitioner alleges one claim for relief in his habeas petition: that the State failed to disclose evidence that was favorable to the defense.

*Procedural History*

Petitioner was charged by amended information with one count of unlawful sexual activity with a minor, two counts of battery upon a law enforcement officer, one count of resisting an officer with violence, one count of disorderly conduct, and one count of criminal mischief. At a hearing, Petitioner entered pleas of nolo contendere to the crimes in the absence of a plea agreement. The trial court accepted the pleas, adjudicated Petitioner guilty of the crimes, and sentenced him to imprisonment for a total term of ten years. Petitioner did not file a direct appeal.

Petitioner next filed a motion for postconviction relief with the state trial court, and an evidentiary hearing was held on the matter. After the hearing, the trial court denied the motion. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam.*

Petitioner then filed a second motion for postconviction relief with the state trial court in which he raised one claim: that he was entitled to postconviction relief based on newly discovered evidence. The trial court entered a written order denying the motion. Specifically, the trial court denied the claim on the merits and, alternatively, found that the motion was successive. The state appellate court affirmed the denial *per curiam.*

*Petitioner's Claim*

Petitioner argues that, prior to entering his pleas, a "rape kit" had been prepared by and received into the Florida Department of Law Enforcement (the "FDLE"). However, according to Petitioner, at the time he entered his pleas (April 3, 2002), Petitioner's trial counsel had not received the results of the rape kit. After the denial of his first motion for postconviction relief, Petitioner's postconviction counsel made a public records request and found out that the State had received the results of the rape kit two months prior to when Petitioner entered his pleas and that the results were "*inconclusive.*" Petitioner allegedly did not receive this information until June 14, 2003. According to Petitioner, the State purposefully failed to disclose this favorable evidence.

    1.    *Procedural Bar*

The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[1] or (2) are not

---

[1] *Harris v. Reed*, 489 U.S. 255, 261 (1989).

exhausted but would clearly be barred if returned to state court.[2] Thus, "[f]ederal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law. In addition, federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted . . . ." *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).

Petitioner's claim is procedurally barred because the trial court so determined in its order denying Petitioner's second motion for postconviction relief,[3] and the state appellate court affirmed *per curiam*.[4] The denial on procedural bar grounds was a correct application of Florida law.

There are two exceptions to the procedural default bar. The first is the "cause and prejudice" exception;[5] the second, which is a narrow one, is the "actually innocent" exception, also known as

---

[2]*See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991) ("[w]hen a claim is never presented to the state court *Teague* does not require that the last state court rendering judgment `clearly and expressly' state that its judgment rests on a procedural bar.").

[3]Although the trial court also addressed the merits of the claim, this claim still is procedurally barred. *See Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir.) (holding that "where a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim."), *cert. denied*, 513 U.S. 1061 (1994).

[4]A *per curiam* affirmance of a trial court's finding of a procedural default is a sufficiently clear and express statement of reliance on an independent and adequate state ground to bar consideration by the federal courts. *See Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir.), *cert. denied*, 498 U.S. 832 (1990).

[5]*See Engle v. Isaac*, 456 U.S. 107, 129 (1982) ("when a procedural default bars state litigation of a court claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice.")*; see also Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992) (the petitioner must

the "fundamental miscarriage of justice" exception, used in extraordinary circumstances. *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991), *cert. denied*, 506 U.S. 930 (1992).

In the present case, Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, this claim is procedurally barred.

    *2.    Merits of Claim*

Alternatively, Section 2254(d) precludes relief in this case. First, the claim was adjudicated on the merits by the state trial court, and the state appellate court affirmed the denial. Second, Petitioner has failed to demonstrate that the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Finally, Petitioner has not shown that the adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Petitioner relies on *Brady v. Maryland*, 373 U.S. 83 (1963), in support of his claim that the State withheld favorable evidence. The Eleventh Circuit Court of Appeals has determined that, in order to establish a violation of *Brady,* the petitioner must demonstrate the following:

> (1) that the Government possessed evidence favorable to the defendant (including impeachment evidence); (2) that the defendant does not possess the evidence nor could he obtain it himself with any reasonable diligence; (3) that the prosecution suppressed the favorable evidence; and (4) that had the evidence been disclosed to

---

demonstrate cause and prejudice for failing to raise instances of ineffective assistance of counsel with the state court).

>the defense, a reasonable probability exists that the outcome of the proceedings would have been different.

*United States v. Meros*, 866 F.2d 1304, 1308 (11th Cir.), *cert. denied*, 493 U.S. 932 (1989). For purposes of *Brady*, evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Stewart,* 820 F.2d 370, 374 (11th Cir. 1987) (quotation omitted). "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish `materiality' in the constitutional sense." *United States v. Agurs*, 427 U.S. 97, 109-110 (1976). Further, "*Brady* does not require the government to turn over information which, with any reasonable diligence, the defendant can obtain himself." *Jarrell v. Balkcom*, 735 F.2d 1242, 1258 (11th Cir. 1984), *cert. denied*, 471 U.S. 1103 (1985) (quotation omitted).

Petitioner has completely failed to show that the prosecution suppressed any evidence. Moreover, the Court also concludes that, even if the evidence discussed above was wrongfully withheld and had been revealed, Petitioner has not demonstrated that the outcome of the proceedings would have been different. Certainly, this evidence, which was deemed inconclusive, would not have assisted Petitioner's defense.

In addition, Petitioner's counsel mentioned at the evidentiary hearing on Petitioner's Rule 3.850 motion that she had deposed witnesses who testified that they had witnessed Petitioner engaging in sexual relations with the victim. Additionally, Petitioner made admissions to law enforcement and others that he knew the victim was underage and that he engaged in sexual relations with her. There was overwhelming evidence establishing that Petitioner was the perpetrator of the

crimes, and there is no indication that this evidence would have been helpful. Consequently, this claim must be denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Robert M. Langdon is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 20th day of July, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 7/20
Counsel of Record
Robert M. Langdon